IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 5, 2015

## STATE OF TENNESSEE v. NICKELLE N. JACKSON

**Appeal from the Criminal Court for Shelby County**
**Nos. 93-09264, 93-09265, 93-09266, 93-08166, 93-08167, W94-00337, W94-00338**
**James M. Lammey, Jr., Judge**

---

**No. W2014-02445-CCA-R3-CD  -  Filed July 14, 2015**

---

In 1993, the Defendant, Nickelle N. Jackson, pleaded guilty to three counts of aggravated robbery, one count of unlawful carrying a weapon, one count of theft of property valued between $10,000 and $60,000, and two counts of theft of property valued over $500. In accordance with the plea agreement, the trial court sentenced the Defendant as a Range II, multiple offender, to a total effective sentence of twelve years in confinement. In 2014, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court summarily dismissed based upon its finding that the Defendant's illegal sentence had expired in 2006. On appeal, the Defendant contends that the trial court erred when it dismissed his motion because his sentence contravenes the Tennessee Criminal Sentencing Reform Act of 1989. He explains that the trial court erred when it ordered his sentences to run concurrently because he had been released from jail on bail for some of the offenses when he committed the other offenses, which would require consecutive sentencing. After review, and for the reasons stated below, we reverse the trial court's judgment and remand the case for appointment of counsel and a hearing on the Defendant's Rule 36.1 motion.

**Tenn. R. App. P 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

Nickelle N. Jackson, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Jessica Banti, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
## I. Facts

This case arises from several instances of criminal conduct perpetrated by the Defendant. A Shelby County grand jury indicted the Defendant for the following: in case numbers 93-09264 and 93-09265, two counts of aggravated robbery occurring on March 7, 1993; in case number 93-09266, one count of aggravated robbery occurring on February 22, 1993; in case number 93-08166, carrying an unlawful weapon on May 18, 1993; in case number 93-08167, theft of property valued between $10,000 and $60,000 during the time period of April 22, 1993, and May 19, 1993. By criminal information, the Defendant was charged in case numbers W94-00337 and W94-00338 for two counts of theft of property over $500 occurring on March 9, 1994.

Included in the record are the petitions for waiver of trial and request for acceptance of the guilty plea, signed by the Defendant for each of the indictments against him. Also in the record are the trial court's orders accepting the Defendant's guilty pleas for each of the indictments, all signed on May 11, 1994.

The judgments of conviction, all entered May 11, 1994, reflect that the trial court sentenced the Defendant as follows:

In case number 93-09264, aggravated robbery, the trial court sentenced Defendant to twelve years, at 35%, to run concurrently with his sentences in case numbers 93-09265, 93-09266, 93-08166, 93-08167, W94-00337, and W94-00338. The judgment shows that this sentence should run consecutively to a sentence already received by the Defendant in another case, 94-02318.

In case number 93-09265, aggravated robbery, the trial court sentenced the Defendant to twelve years, at 35%, to run concurrently with his sentences in case numbers 93-09264, 93-09266, 93-08166, 93-08167, W94-00337, and W94-00338. The judgment shows that this sentence should run consecutively to a sentence already received by the Defendant in another case, 94-02318.

In case number 93-09266, aggravated robbery, the trial court sentenced the Defendant to twelve years, at 35%, to run concurrently with his sentences in case numbers 93-09264, 93-0925, 93-08166, 93-08167, W94-00337, and W94-00338. The judgment shows that this sentence should run consecutively to a sentence already received by the Defendant in another case, 94-02318.

2

In case number 93-08166, unlawful carrying of a weapon, the trial court sentenced the Defendant to eleven months and twenty nine days to run concurrently with his sentences in case numbers 93-09264, 93-0925, 93-09266, 93-08167, W94-00337, and W94-00338. The judgment shows that this sentence should run consecutively to a sentence already received by the Defendant in another case, 94-02318.

In case number 93-08167, theft, the trial court sentenced the Defendant to six years, at 35%, to run concurrently with his sentences in case numbers 93-09264, 93-0925, 93-09266, 93-08166, W94-00337, and W94-00338. The judgment shows that this sentence should run consecutively to a sentence already received by the Defendant in another case, 94-02318.

In case number W94-00337, theft of property over $500, the trial court sentenced the Defendant to four years, at 35%, to run concurrently with his sentences in case numbers 93-09264, 93-0925, 93-08166, 93-08166, 93-08167, and W94-00338. The judgment shows that this sentence should run consecutively to a sentence already received by the Defendant in another case, 94-02318.

In case number W94-00338, theft of property over $500, the trial court sentenced the Defendant to four years, at 35%, to run concurrently with his sentences in case numbers 93-09264, 93-0925, 93-09266, 93-08166, 93-08167, and W94-00337. The judgment shows that this sentence should run consecutively to a sentence already received by the Defendant in another case, 94-02318.

On March 31, 2014, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rules of Criminal Procedure 36.1. In it, he alleged that police officers arrested him on May 18, 1993, for three counts of aggravated robbery in case numbers 93-09264, 93-09265, and 93-09266. He avers that he posted bail and was released from custody on May 21, 1993. The Defendant asserts that he was out on bond on May 27, 1993, when police officers arrested him for unlawful possession of a weapon and theft of property valued over $500 in case numbers 93-08166 and 93-08167, which the indictments allege occurred during the period of time between April 22, 1993 and May 19, 1993. He was also later arrested for two counts of theft of property valued over $500 in case numbers W94-00337 and W94-00338, which the indictment alleges occurred on March 9, 1994.

The Defendant states in his motion that he wanted to proceed to trial but that his attorney advised him that, if he would plead guilty, the State would agree to concurrent sentences. The Defendant stated that, pursuant to this agreement, he would serve 35% of his twelve-year sentence, or 4.2 years. The Defendant notes, however, that concurrent sentences in his case contravenes Tennessee Code Annotated section 40-20-111 (2014) which requires that a defendant who commits a felony while on bail serve his sentences consecutively. He further notes that his guilty plea was not knowingly and voluntarily entered because he did not know the sentence was illegal.

The State responded to this motion asserting that the Defendant had made a colorable claim pursuant to Rule 36.1 and that he was, therefore, entitled to the appointment of counsel. The State cited *Cumecus R. Cates v. State*, No. E2014-00011-CCA-R3-CD, 2014 WL 4104556, at *3 (Tenn. Crim. App., at Knoxville, Aug. 20, 2014), *no Tenn. R. App. P. 11 application filed*.

The trial court filed an order dismissing the Defendant's motion. It found:

> The State responded, "The defendant has made a colorable claim under Rule 36.1, and is therefore entitled to the appointment of counsel. *Cates v. State*, No. E2014-00011-CCA-R3-CD, *3 (Tenn. Ct. Crim. App. Aug. 20, 2014)." This court disagrees.
>
> The *Cates* case seems to be very similar to the case at hand, but is distinguishable. It appears that [the defendant in *Cates*] was still serving an alleged illegal sentence having been convicted on September 28, 2000 and received sixteen years for four different cases. [The defendant] filed his motion on October 29, 2013 well within the sixteen year sentence time period. There was no mention of the arrest dates. In the present case, assuming [the Defendant] served 100% of his twelve year sentence his sentence would have expired in 2006. Interestingly, the *Cates* court said:
>
> "We emphasize that the **purpose** (emphasis added) of this new Rule is to provide an avenue for correcting allegedly illegal sentences. The Rule does not provide an avenue for seeking the reversal of convictions. <u>See Cantrell v. Easterling, 346 S.W.3d 445, 446-56 (2011)</u> (recognizing that convictions and sentence are distinct aspects of a judgment order) (citations omitted)."
>
> Upon reading the MOTION TO CORRECT AN ILLEGAL SENTENCE filed by [the Defendant] it is evident the intent of the [Defendant] is to reverse said convictions long since expired by utilizing a

4

Rule designed to offer relief to those presently serving time and who are presently being deprived of liberty due to a possible illegality. [The Defendant] in essence has received a tremendous windfall by being allowed to plead to multiple offenses at a fraction of what he would have been facing had he been sentenced consecutively only to use said generosity now to have his cases reversed. Allowing [the Defendant to] use this new Rule to set aside those convictions now, years after the sentence has expired, would be a grave injustice and contrary to the purpose of said Rule.

Considering that the General Assembly amended the *Habeas Corpus* statute, T.C.A. § 19-21-101(b)(1), to remove relief from persons who "received concurrent sentencing where there was a statutory requirement for consecutive sentencing: this Court finds that Rule 36.1 does not undo that change, rendering T.C.A. § 39-21-101(b)(1) superfluous, and open all these cases to attack, but instead only applies to persons presently serving a possibly illegal sentence not yet expired. To use this new Rule to circumvent a statute specifically enacted to address these exact situations may also be a violation of separation of powers.

The Rules state that "either the **defendant** or the State" may seek to correct an illegal sentence. Since the cases have expired there is no longer a defendant present to seek relief. A defendant for purposes of Rule 36.1 is someone who is *presently* facing or serving time for a Tennessee crime. The Tennessee code defines a defendant as: "Defendant" – means a person *accused* (emphasis added) of an offense under this title and includes any person who aids or abets the commission of such offense. T.C.A. § 39-11-106(7).

The [Defendant] was a defendant on the above listed indictments back in 1994. Assuming he served one hundred percent of his twelve year sentence, he ceased being a defendant for purposes of Rule 36.1 in 2006. [The Defendant] is no more a defendant than someone who was convicted of shoplifting in the summer of 1969.

The fact that the prior convictions may have been used to enhance punishment in another jurisdiction does not resurrect the earlier cases. At some point this Court loses jurisdiction to handle a case under Rule 36.1. Eight years after the sentence expires would place this case outside the jurisdiction of the Court.

5

Because the [Defendant] is no longer a [d]efendant as defined under Tennessee law there is no need to look further into whether or not he has made a colorable claim for relief. Furthermore, since [the Defendant's] intent is to reverse an expired sentence rather than correct an illegal sentence, a colorable claim cannot be seriously entertained. The Motion of [the Defendant] is not well taken and is hereby denied.

The Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it summarily dismissed his petition because: (1) the language of the rule contemplates that a defendant may "at any time" seek the correction of an illegal sentence and does not require, he says, that he be incarcerated; and (2) the trial court improperly treated his Rule 36.1 motion as a petition for habeas corpus relief. The State counters that the Defendant has failed to state a colorable claim for relief.

Tennessee Rule of Criminal Procedure 36.1 provides as follows:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

6

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

A rule 36.1 motion is a remedy separate and distinct from habeas corpus or post-conviction relief. *See State v. Jonathan T. Deal*, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at \*2 (Tenn. Crim. App., at Knoxville, June 17, 2014), *no Tenn. R. App. P. 11 application filed*. As such, a Rule 36.1 motion should only be summarily denied where the motion fails to state a colorable claim for relief. This Court has defined a colorable claim as a claim "that, if taken as true, in the light most favorable to the [defendant], would entitle [defendant] to relief." *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at \*2 (Tenn. Crim. App., at Jackson, Aug. 13, 2014) (quoting Tenn. Sup. Ct. R. 28, § 2(H)) (brackets and alterations in original), *no Tenn. R. App. P. 11 application filed*.

The following are examples of illegal sentences:

(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [Release Eligibility Date (RED) ] where a RED is specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute.

*Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010) (internal citations omitted). The Defendant's assertions in this case, taken as true and in the light most favorable to him, would state a colorable claim that his sentence is illegal because the Defendant received concurrent sentences, rather than the statutorily required consecutive sentences for crimes committed while released on bond. *See id.* The issue addressed by the trial court,

however, is whether he is no longer able to seek relief pursuant to Rule 36.1 because his sentence is expired.

A panel of this Court recently addressed an issue on point, holding:

Prior to the adoption of Rule 36.1, defendants generally had to seek relief from illegal sentences through habeas corpus or post-conviction proceedings. *See, e.g., Cantrell v. Easterling*, 346 S.W.3d 445, 453, 453 n.7 (Tenn. 2011). "On its face, Rule 36.1 does not limit the time within which a person seeking relief must file a motion, nor does it require the person seeking relief to be restrained of liberty." *State v. Donald Terrell*, No. W2014-00340-CCA-R3-CO, 2014 WL 6883706, at *2 (Tenn. Crim. App. Dec. 8, 2014).

The trial court's denial of relief because the [d]efendant's sentences were expired is essentially a finding that the [d]efendant's claim is moot. The concept of mootness deals with the circumstances that render a case no longer justiciable. *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). "A moot case is one that has lost its character as a present, live controversy." *Id.* "A case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party." *Id.* Along these lines, we acknowledge that at least two other panels of this court have recently concluded that a challenge to the legality of a sentence becomes moot once the sentence has been served. *See State v. John Talley*, No. E2014-01313-CCA-R3-CD, 2014 WL 7366257, at *3 (Tenn. Crim. App. Dec. 26, 2014); *State v. Adrian R. Brown*, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *6 (Tenn. Crim. App. Oct. 29, 2014). However, it is our view that the trial court erred in finding that it was without jurisdiction to handle the defendant's proceeding under Rule 36.1 and determine that the concurring in results only opinion in *John Talley* is the correct view of the law.

In his concurring in results only opinion in John Talley, in which Judge Glenn joined, Presiding Judge Woodall explained:

Rule 36.1 was promulgated and adopted by the Tennessee Supreme Court in an order filed December 18, 2012, and Rule 36.1 was subsequently "ratified and approved [by the Tennessee General Assembly] by House Resolution 33 and Senate Resolution 11." Compiler's Notes, Tenn. R. Crim. P. 36.1. This rule, authored by our supreme court and

8

ratified and approved by the Tennessee General Assembly, begins with the following clear and unambiguous words:

> Either the defendant or the state may, *at any time*, seek correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered.

Tenn. R. Crim. P. 36.1(a) (emphasis added).

> To me "at any time" means what it says, whether before or after sentences have been fully served. If our supreme court had intended for Rule 36.1 relief to not be available when the challenged sentences have been fully served, that specification would have been clearly stated. If the General Assembly had desired the restriction in the rule, one or both houses of the General Assembly would have refused to ratify and approve Rule 36.1 as it is written.

> It is my respectful opinion that even if (1) I disagree with some or all of Rule 36.1's provisions, and (2) I believe the consequences of the rule can ultimately and unfairly lead to trial courts in Tennessee vacating decades' old convictions, as a judge on an intermediate appellate court I must apply the plain meaning of Rule 36.1. Accordingly, I respectfully concur only to the extent the judgment is reversed and the case is remanded for proceedings in accordance with my understanding of the wording in Rule 36.1.

*John Talley*, 2014 WL 7366257, at *3-4. *See also State v. Omar Robinson*, No. E2014-00393-CCA-R3-CD, 2014 WL 5393240, at *2 (Tenn. Crim. App. Oct. 22, 2014).

*Marcus Deangelo Lee v. State*, No. W2014-00994-CCA-R3-CO, 2015 WL 2330063, at *2-3 (Tenn. Crim. App., at Jackson, May 13, 2015), *no Tenn. R. App. P. 11 application yet filed.*

In accordance with our Court's reasoning, the fact that the Defendant's sentences in this case may have expired does not preclude him from obtaining Rule 36.1 relief if he proves that his sentences were illegal. It is not clear from the record whether the Defendant's sentences have, in fact, expired. Regardless, he

9

has stated a colorable claim that his sentence was illegal because he was on bond at the time that he committed a new offense, requiring consecutive sentencing. We therefore remand the case to the trial court for the appointment of counsel and for a hearing to determine the merits of the Defendant's Rule 36.1 motion.

## III. Conclusion

In accordance with the aforementioned reasoning and authorities, we reverse the trial court's judgment, and we remand the case for proceedings consistent with this opinion.

_____
ROBERT W. WEDEMEYER, JUDGE